UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENIS TEETER,

    Plaintiff,

v.

GLANTUS,

    Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Denis Teeter, by and through his attorneys, HURWITZ LAW PLLC, hereby allege as follows:

## INTRODUCTION

1.    This is a civil class action for money damages, liquidated damages, costs, attorneys' fees and other relief against Defendant Glantus ("Defendant").

2.    Plaintiff Denis Teeter asserts a claim of age discrimination in violation of Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and Michigan's Elliott-Larsen Civil Rights Act (the "ELCRA), M.C.L. 37.2101, *et seq.*

1

**PARTIES AND JURISDICTION**

3. Plaintiff Denis Teeter ("Plaintiff") is an individual residing in Fenwick, Michigan, which is located in Montcalm County.

4. Defendant is a company headquartered in Ireland, with two locations in Boston, Massachusetts and San Jose, California.

5. This Court has jurisdiction over the claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* This Court also has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant is now, and at all times mentioned was, a corporation duly organized and existing under the laws of a foreign state, Ireland, and Plaintiff is now, and at all times mentioned was, a citizen domiciled in the United States in the State of Michigan. Moreover, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(e), as it is the district where the Plaintiff resides.

7. Plaintiff filed charges of age discrimination with the Equal Employment Opportunity Commission on June 30, 2022 and it has been over 60 days since he filed his charge.

**GENERAL ALLEGATIONS**

8. Defendant is a for-profit company in the data and financial advising industry with facilities in Massachusetts, California, London, and Ireland.

9. At all times relevant to this Complaint, Plaintiff was employed as Director of Sales for Defendant.

10. Plaintiff was well-respected in the workplace and admired for his experience.

11. Plaintiff functioned as a leader within Defendant's sales team.

12. In July 2020, Defendant granted Plaintiff a 19.6% pay increase for his success.

13. From January 2018 though July 2021, 15 new clients signed up for the North American region, and Plaintiff closed 10 out of 15 of them.

14. Plaintiff utilized his inventive methodology for creating partnerships with other companies and generating more leads.

15. Defendant's Chief Executive Officer, Maurice Healy, personally invited Plaintiff for an interview at a management meeting to adopt his strategy into a company-wide system.

16. Defendant's "Global Partnership Program," which is featured on their website, is a permanent mark on Defendant that Plaintiff made at sixty-seven years old.

17. Plaintiff had no prior history of discipline.

18. Plaintiff never received any formal or informal warnings.

19. Plaintiff was never placed on a performance improvement plan.

20. In or about July 2021, Defendant acquired Technology Insight Corporation ("TIC").

21. Defendant's purchase of TIC resulted in a hasty turnover of management personnel.

22. Plaintiff's advisor, Vice President of Americas Andrew Goede, was eliminated and replaced.

23. Plaintiff's new advisor, Selman Gonzalez, did not have management experience, yet he replaced Mr. Goede and was promoted to Senior Vice President of Sales.

24. The change in management was so impactful that the entire North American sales team was called to a meeting held in Marlborough, Massachusetts.

25. Mr. Gonzalez fired one of the sales team members on the spot during this meeting.

26. Mr. Gonzalez also told Plaintiff, "I'm afraid you're going to make too much money and retire."

27. Mr. Gonzalez then informed Plaintiff that he was unilaterally taking control over all the partnerships Plaintiff established, stripping him of the ability to coordinate with those companies.

28. Mr. Gonzalez reasoned that Defendant would now have an inside sales department supplying leads, which were distributed by himself. He also told Plaintiff to expect 3-4 leads every week.

29. However, from August 2021 until the end of Plaintiff's employment, Defendant sent Plaintiff a total of seven leads. Two of them were for services Defendant does not provide, and out of the remaining five, only one was bona fide.

30. Following the meeting in Marlborough, Defendant terminated and replaced every member of the North American sales team prior to its acquisition of TIC until only Plaintiff remained.

31. Plaintiff continued to work loyally and diligently for Defendant.

32. Defendant ultimately terminated Plaintiff on April 6, 2022.

33. During the meeting, Plaintiff proclaimed, "It sounds like you're getting rid of the old guy," to which Defendant merely responded, "no," and presented Plaintiff with an insignificant severance package.

34. When Plaintiff inquired as to why he was being terminated, Defendant asserted that it did not "have enough leads [for him]."

35. At the time of his termination, Plaintiff had just closed a deal that was starting in April 2022 – he never received commission for it.

4

36. At the time of his termination, Plaintiff has eight active deals on his docket, each of which would have likely been closed within the following six months.

37. Defendant's acquisition of TIC provided an immediate boost to their earnings per share and represented a major step in their growth strategy. The acquisition enhanced Defendant's sales capability along with a greater geographic spread of customers in the United States, undermining the purported business reason for Plaintiff's termination.

38. Upon information and belief, Plaintiff was replaced by a younger employee, Nathan Smith, who had no sales representative experience.

## COUNT I
## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")
## (DISPARATE TREATMENT BASED ON AGE)

39. Plaintiff incorporates the foregoing paragraphs by reference herein.

40. Pursuant to the Age Discrimination in Employment Act ("ADEA"), Plaintiff is a member of a "protected class" because he was 67 years old at the time of his termination.

41. Plaintiff met or exceeded Defendant's legitimate job expectations during his employment.

42. Defendant took one or more adverse actions against Plaintiff because of his age, including subjecting Plaintiff to different and less favorable terms and conditions of employment than employees who were younger, and then terminating Plaintiff without any justification after he had been an exemplary employee for many years.

43. Defendant treated similarly situated younger employees more favorably than they treated Plaintiff.

44. Defendant's discriminatory conduct was intentional.

45. Defendant's conduct was done with malice or reckless indifference to Plaintiff's rights under federal law.

46. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age on June 30, 2022.

47. Plaintiff was damaged by Defendant's discriminatory conduct in violation of the ADEA. His damages include, but are not limited to, his lost wages, damage to his career, lost benefits, future pecuniary losses, inconvenience, emotional and psychological harm and other harm.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF THE ELCRA**
**(DISPARATE TREATMENT BASED ON AGE)**

48. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

49. Defendant employed Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2010, *et seq*.

50. Defendant is an employer within the meaning of the ELCRA, M.C.L. 37.2101, *et seq*.

51. The ELCRA prohibits, among other things, discrimination based upon age.

52. Plaintiff is sixty-seven (67) years old.

53. Plaintiff was qualified for his respective position.

54. Plaintiff was held to different standards than his coworkers based on his age.

55. Plaintiff suffered adverse action, including termination, while younger employers were retained.

56. Defendant's conduct was willful.

57. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to: lost wages, damages to professional reputation, emotional distress, outrage, humiliation, indignity and disappointment.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff claims as follows:

A. Judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, compensatory damages, emotional distress, punitive damages, and attorney fees under the ELCRA and ADEA;

B. Interest;

C. Compensatory damages, including front pay and back pay;

D. All further relief as the Court deems just and equitable.

Respectfully submitted
HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorney for Plaintiffs
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: November 16, 2023

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENIS TEETER,                                              Case No.

    Plaintiff,                                       Hon.

v.

GLANTUS,

    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
340 Beakes St., STE 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff Denis Teeter, by and through his attorneys, HURWITZ LAW PLLC, hereby demand a jury trial in the above-captioned matter for all issues so triable.

                              Respectfully submitted
                              HURWITZ LAW PLLC

                              */s/ Noah S. Hurwitz*
                              Noah S. Hurwitz (P74063)
                              Attorney for Plaintiffs
                              340 Beakes St. Ste. 125
                              Ann Arbor, MI 48104
                              (844) 487-9489

Dated: November 16, 2023